**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA, for     *
the use and benefit of             *
LOWRY QUALITY DRYWALL and          *
CADENA CONTRACTING, INC.           *
                                   *
                    Plaintiffs     *          NO: 4:07CV00941   SWW
VS.                                *
                                   *
AMERICAN EAGLE DESIGN BUILD        *
STUDIOS LLC, ET AL.                *
                                   *
                    Defendants     *

## <u>ORDER</u>

Lowry Quality Drywall ("Lowry") and Cadena Contracting, Inc. ("Cadena") bring this action pursuant to the Miller Act, 40 U.S.C. §§ 3131-3133, seeking payment for labor and materials provided in connection with a housing project at the Little Rock Air Force Base ("LRAFB").  By order entered February 25, 2008 (docket entry #42) the court denied a motion to dismiss for lack of personal jurisdiction filed by Separate Defendant CEI Investment Corporation ("CEI").  For the reasons that follow, the Court *sua sponte* amends the denial of CEI's motion to be without prejudice.

## I.

The following facts are taken from the amended complaint.  The United States Air Force selected Defendant Little Rock Family Housing LLC ("LRFH") and Defendant American Eagle Communities LLC ("American Eagle") to perform work in connection with a privatized housing project at the LRAFB.  LRFH hired Defendant American Eagle Design Build Studios LLC

1

("AEDBS") as the prime contractor for the project.  LRFH, American Eagle, and AEDBS are joint ventures owned by Defendants Shaw Infrastructure, Inc. ("Shaw") and CEI.

AEDBS hired Plaintiff Lowry to provide drywall labor and materials for the project. Subsequently, Lowry entered an agreement with Plaintiff Cadena, whereby Cadena took over all billing for Lowry.  Lowry commenced work on the project and Cadena issued several invoices to AEDBS.  AEDBS paid some of the invoices, but it failed to pay $183,242.43 due for labor and materials supplied by Lowry.

Lowry and Cadena bring this lawsuit under the Miller Act, which provides a remedy for those who provide labor or materials for federal public projects.  *See* 40 U.S.C. § 3111(b)(1). Additionally, Plaintiffs bring supplemental state law claims for breach of contract and quantum meruit.

## II.

By order entered February 25, 2005, the Court denied CEI's motion to dismiss based on lack of personal jurisdiction, finding personal jurisdiction over CEI pursuant to the Miller Act's implicit grant of nationwide service of process.[1]  The Court assumed, erroneously, that Plaintiffs bring their Miller Act claim against CEI.   It has come to the Court's attention that the amended complaint names AEDBS and Arch Insurance Company as the sole defendants under Plaintiffs' Miller Act claim.  Accordingly, the Miller Act's implicit grant of national service of process, standing alone, does not serve as a basis for exercising personal jurisdiction over CEI.

---

[1]A United States district court may exercise personal jurisdiction over a defendant in actions brought pursuant to a federal statute that authorizes national service of process, provided that the defendant has sufficient contacts with the United States. *See In re Federal Fountain, Inc*., 165 F.3d 600, 601-02 (8th Cir. 1999).

Plaintiffs assert another basis for personal jurisdiction.  They assert that the Court should pierce the corporate veils of AEDBS, American Eagle, and LRFH and assert personal jurisdiction over CEI based on the in-state activities of these limited liability companies.

Pursuant to the principle of piercing the corporate veil, personal jurisdiction can be based on the activities of a corporation's subsidiary.  *See Epps v. Stewart Information Services Corp*., 327 F.3d 642, 649 (8th Cir. 2003).  But regardless of whether the requirements for piercing the corporate veil are met, determining the propriety of personal jurisdiction requires applying principles of fairness and reasonableness, and the "circumstances in each case must be examined to determine whether a corporation through the activities of another corporation has subjected itself to jurisdiction in a state under its long arm statute." *Anderson v. Dassault Aviation,*  361 F.3d 449, 452 (8th Cir. 2004)(quoting *Epps v. Stewart Info. Servs. Corp*., 327 F.3d 642, 645-47 (8th Cir. 2003).

Plaintiffs make the following allegations, among others,  in support of their  position that the Court may properly exercise personal jurisdiction over CEI:

- CEI's president, Salvatore Carabetta is an officer of AEDBS, American Eagle, and LRFH.

- Carabetta traveled to Arkansas on behalf of CEI for preliminary contract negotiations regarding the LRAFB housing project, and he made decisions on behalf of AEDBS, American Eagle and LRFH regarding the project, including whether to pay Lowry.

- CEI is named as a third-party beneficiary of insurance policies referenced in the subcontract between AEDBS and Lowry.

• AEDBS was undercapitalized to the extent that Defendant Shaw paid several of Lowry's invoices issued to AEDBS.

Plaintiffs further allege that Defendants CEI and Shaw are "50/50 joint venturers" in AEDBS, American Eagle, and LRFH, and they assert that Shaw's acts and contacts with Arkansas should be imputed to CEI. Plaintiffs allege that Shaw paid several invoices issued by Lowry to AEDBS for labor and materials Lowry supplied on the LRAFB project. Plaintiffs further allege that Shaw placed many of its own employees in key positions at AEDBS. As an exhibit to the amended complaint, Plaintiffs submit a copy of a press release issued by Shaw on January 26, 2005, announcing that LRFH was selected by the United States Air Force to renovate 1,200 homes at the LRAFB. *See* docket entry #43, Ex. H. The press release states that "[LRFH] will serve as program manager for the project and receive operational support from the parent corporations." *Id.*

Interpreting the facts in a light most favorable to Plaintiffs, the Court finds that Plaintiffs' allegations are sufficient to make a threshold, prima facie showing of personal jurisdiction over CEI. *See Epps*, 327 F.3d at 647(citations omitted)(stating that when motions Fed. R. Civ. P. 12(b)(2) are decided based on pleadings and affidavits, the court must look at the facts in the light most favorable to the nonmoving party, and the nonmoving party need only make a prima facie showing of jurisdiction). Accordingly, the order denying CEI's motion to dismiss based on lack of personal jurisdiction stands. However, the Court amends the order to the extent that CEI's motion is denied without prejudice to the right to renew, if appropriate, after discovery.

**III.**

For the reasons stated, the order entered February 25, 2008 (docket entry #42) is amended to the extent that Defendant CEI Investment Corporation's motion to dismiss for lack

4

of personal jurisdiction (docket entry #16) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 4TH DAY OF MARCH, 2008.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE